BELL & COMPANY *vs.* THE SINGER MANUFACTURING COMPANY.

A court of equity has the power to enjoin the publication and circulation of a libel. This principle is applicable to equitable rights arising under the patent laws of the United States, where the legality of the patent is not the subject of inquiry but is only collateral to the relief sought. Under the facts of this case the discretion of the chancellor in refusing the injunction was not abused.

Injunction. Libel. Patent-right. Before Judge HILL-YER. Fulton County. At Chambers. July 26th, 1880.

Reported in the decision.

HOKE SMITH; JOHN A. WIMPY, for plaintiffs in error.

HENRY HILLYER; HOPKINS & GLENN, for defendant.

Bell & Co. *vs.* The Singer Manufacturing Company.

HAWKINS, Justice.

This was an application for an injunction before his honor, Judge Hillyer, of the Atlanta circuit. The bill charged as follows:

1. That your orators are merchants and traders, dealing in the buying and selling of sewing machines, and more especially of a machine known as tHe Stewart Sewing Machine, and which is manufactured by the Henry Stewart Manufactuiing Company of New York, and is sold exclusively by said company to your orators and no one else, in the states of South Carolina, Georgia, Alabama and Florida; that your orators have been doing a large business in said states in the sale of said Stewart machines, amounting to sixty-five thousand dollars, or some other large sum per annum; that in building up said trade in said states your orators have spent large sums of money and much labor and time, and have secured a large patronage in the business.

2. That the said Singer Manufacturing Company, by its officers, agents, servants, attorneys, workmen, employes and confederates, in order to injure, damage, harrass and oppress your orators in their business of selling and disposing of the said Stewart machines, as purchased from said Henry Stewart Manufacturing Company, to their patrons and customers in said states of South Carolina, Georgia, Florida and Alabama, has been since the fifteenth day of May, 1880, and is now wrongfully and maliciously interfering with and injuring the sale of said Stewart machines by your orators, by threats and misrepresentations to the public and the customers of your orators, by falsely and maliciously publishing and printing a letter entitled, "Circular Letter No. 77," and signed by the defendant, which has been delivered to all of its agents, and by them to the customers who buy by the wholesale from your orators said Stewart machines; that in said Circular Letter, No. 77, the said defendant declares falsely and

maliciously, that "all persons making, selling or using any infringement of the letters patent of the said defendant, will be liable as infringers, and may look to be prosecuted accordingly; that suit has already been brought, and an injunction in the case of the said defendant against the said Henry Stewart Manufacturing Company, and you (meaning the officers and agents of the defendant) are requested for the present to furnish us with the names of all parties in your territory, who are offering to sell the Stewart machine, that they may be served with proper legal notice; as this notice is in the form of an injunction that will effectually restrain the further sale of said Stewart sewing machines it is important to you and to us, that the names called for be furnished at once," all of which will more fully appear by reference to a copy of said Circular Letter No. 77 hereto attached as a part of this bill marked "Exhibit A," which your orators pray may be taken as a part of this bill of complaint, and beg the usual leave of reference to the same.

3. Your orators aver and charge that they have not, and are not now infringing upon the patent right of the defendant in buying and selling said machines; nor have the customers of your orators in the said states done so at any time in the buying and selling or using said Stewart machines, and that all the statements, falsely and maliciously made in said Circular Letter No. 77, going to show that your orators or their customers have no right to buy and sell or use said Stewart machines, are absolutely false in every particular, and that the statement that your orators and all persons are restrained from buying, selling, or otherwise using said machines are false and malicious, and no such injunction in fact exists against your orators or their customers, or against the said Henry Stewart Manufacturing Company, in said states, and the said Circular Letter No. 77, and the statements therein contained, have been sent out and circulated among the customers of your orators for the purpose of alarming them by

threats of litigation, and thus breaking down the business of your orators.

4. Your orators further charge that the said defendant, by its officers, agents, servants, attorneys, workmen, employes and confederates, are falsely pretending to serve an injunction from the circuit court of the United States for the southern district of New York in its favor, against the said Henry Stewart Manufacturing Company, and is serving a printed copy of the same upon all the customers of your orators; and upon all persons who are buying, selling, or otherwise using said Stewart machines, a copy of which is hereto attached and marked " Exhibit B " of this bill; and your orators pray that the same may be taken as a part of this bill of complaint, and also beg the usual leave of reference thereto when necessary.   That the said defendant, by its agents, by serving said injunction on the customers and patrons of your orators and all persons using said machines, they falsely and maliciously represent to them that the same is of force in said states of Georgia, Florida, South Carolina and Alabama, and if they violate the terms of the same, they will be proceeded against for a violation of said pretended injunction, by means of which the customers and patrons of your orators are alarmed and are refusing to buy said sewing machines from your orators, when heretofore they have bought largely. Your orators aver that, as stated above, there is no injunction of force against your orators, or their customers, or against the said Henry Stewart Manufacturing Company in said states, or any other proceeding that prevents your orators and all others who buy, sell or otherwise use said Stewart machines from buying and selling said machine in said states.

5. That the said defendant is manufacturing sewing machines and selling the same in the said states of South Carolina, Florida, Georgia and Alabama, and has a patent right on some particular portion of the machines made and sold by it, and that there is no part or parcel of said Stew-

art machines which is an infringement on the patent right of the defendant.

6. That by the wrongful and fraudulent acts, as above set forth, of the defendant, your orators have been, and are now being, greatly damaged, to the extent of almost breaking down of their business, which damages, caused as aforesaid, are irreparable and cannot be ascertained by a court of law.

7. That the said defendant is a non-resident corporation, and organized under the laws of the state of New York, or some other state, and having a place of business and an office in the city of Atlanta, county of Fulton, and state of Georgia.

8. All of which actings and doings are contrary to equity and good conscience, and, tend to the manifest wrong and oppression of your orators.

9. In tender consideration whereof and for as much as your orators have no adequate and complete remedy at law, and can only have relief in a court of equity, where matters of this nature are properly cognizable and relievable, your orators pray that a writ of injunction be granted and issued by your honor perpetually restraining and enjoining the said defendant and its officers, agents, servants, attorneys, employes and confederates, and each and every one of them, under a certain penalty to be named by your honor, from publishing said "Circular Letter No. 77," and circulating the same, and from interfering in any way or manner with the business of your orators in the sale of said Stewart machines to others by threats of prosecutions, and suits, and misrepresentations, as set forth in "Exhibit A" of this bill, and further, from interfering with the business of your orators by printing and circulating copies of said pretended injunction as set forth in "Exhibit B," and serving the same on customers of your orators, and all who buy, sell and otherwise use the said Stewart sewing machines.

10. And your orators pray for such other and further relief in the premises as to your honor may seem meet.

The following exhibits were attached:

"EXHIBIT A."

" *Circular Letter No. 77.*]

"OFFICE OF THE SINGER MANUFACTURING CO.,
NO. 42 MARIETTA STREET.

"All Communications for this Office should be addressed to the Singer Manufacturing Company, Atlanta, Ga.

ATLANTA, May 15, 1880.

"DEAR SIR:

" It has been decided by the Courts that the Singer Machine, in its present form, is protected by a good and valid patent, and this patent The Singer Manufacturing Company is determined to enforce. All persons *making*, selling, or using any infringement of the same, will be liable as infringers, and may look to be prosecuted accordingly.

"Suit has already been brought, and an injunction granted, in the case of the Henry Stewart Manufacturing Company; and you are requested, for the present, to furnish us with the names of all parties in your territory, who are offering to sell the *Stewart* Machine, that they may be served with proper legal notice.

"As this notice is in the form of an injunction that will effectually restrain the sale of said machines, it is important to you and to us that the names called for be furnished *at once*.

" Very truly yours,        THE SINGER MANUFACTURING CO."

"EXHIBIT B."

" *United States Circuit Court, Southern District of New York.—In Equity.*

The Singer Manufacturing Company,                    ⎫
*vs.*                                                                      ⎬
"The Henry Stewart Manufacturing Co. and Henry Stewart. ⎭

"On reading and filing affidavits, and after hearing Livingston Gifford Esq., and George Gifford, Esq., for complainant, and William H. McDougall, Esq., for defendants, it is now, on motion of Gifford & Gifford, Solicitors for Complainant, Ordered, that a preliminary injunction issue against the said defendants, pursuant to the prayer of the bill of complaint in the above entitled suit.

SAML. BLATCHFORD.

*T. W. S.*

A Copy.                    JOHN I. DAVENPORT, *Clerk.*'

(SEAL.)

Here follows the formal injunction.

To which application the defendant, The Singer Manufacturing Company, filed objections to the granting the injunction by way of demurrer thereto on three grounds: 1. No equity in the bill. 2. Complainants do not state a cause in the bill that is relievable in equity. 3. The court has no jurisdiction of the subject matter stated in the bill.

Also filed answer in which it admitted the publication of Circular No. 77, but denies its circulation was false or malicious, but so published it because it believed and still believes it had the legal right to publish and circulate it.

The statements are true, suit had been commenced and injunction granted, as stated in the letter.

The letter was only published and circulated among its agents, and the object was to obtain the names of persons who were selling, or offering to sell, the Stewart machine, in order to serve those parties with notice of the injunction and the proceedings of the court in New York.

Defendant believed in good faith that such service would make the injunction operate upon persons so served, and it had no other purpose in using either the letter or injunction than to protect its own business by means it thought and believed to be lawful and proper.

Complainants further amended their bill, in which they charge that as a result of the circular letter they are seeking to enjoin, complainants' business is almost ruined. They had taken years to establish it, and almost in a day it ceases, and that since the temporary injunction in the state of New York, defendant has taken no steps to serve the same or to commence proceedings against complainants, etc.

Complainants further amended the bill by charging that the injunction granted in New York was applicable only to a small tension formerly used on the Stewart machine, but since said injunction was granted a new tension has been used, and no machine has been sold by complainants since said order was granted, on which was used the

tension in dispute, and that defendant knew these facts but intended to mislead the public and injure complainants in the circulation of the letter aforesaid.

The chancellor, after argument, refused to grant the injunction prayed for, and this is the only error complained of.

We recognize the rule that a court of equity upon a proper case has the power to enjoin the publication and circulation of a libel, and that the principle is applicable to equitable rights arising under the patent laws of the United States where the legality of the patent is not the subject of inquiry, but the patent right is only collateral to the relief sought. But in this case, after a careful examination of the bill, amendments thereto and the answer of defendant, we think there was no abuse of the legal decision of the circuit judge in refusing the injunction.

Judgment affirmed.